UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | Case No. 4:22-MJ-02082 |
| § | |
| TIFFANI SHEA GISH, § | |
| Defendant. § | |

UNITED STATES' MOTION
FOR COMPETENCY EXAMINATION AND HEARING

The United States respectfully submits this Motion for Competency Examination and Hearing pursuant to 18 U.S.C. Sections 4241(a-b) and 4247(b-c).

## I. BACKGROUND

A. Threatening Calls to a Federal Judge

On the afternoon of September 4, 2022, agents with the United States Marshals Service (the "Agents") arrested the defendant, Tiffani Shea Gish, a day after the Honorable Aileen Cannon, United States District Court Judge for the Southern District of Florida, forwarded three threatening voicemails (the "Voicemails")—voicemails that threatened to kill Judge Cannon—left on her chamber's telephone to Supervisory Deputy United States Marshal Michael Witkowski. The calls appear to have been left on September 1, 2022. The phone number displayed on the caller identification was a cellphone number ending in 6374 with a Houston, Texas area code (the "6374 Cellphone"), a number belonging to Gish. Excerpts from the Voicemails are copied directly below.

Voicemail on September 1, 2022, at 1:45 PM EST

Hi, yes this message is for Aileen Cannon, this is Evelyn Salt, I'm in charge of

1

nuclear for the United States Government. Again, Donald Trump has been disqualified long ago, and he's marked for assassination, you're helping him ma'am. So, here's what we're going to do, we're going to let you disarm fucking live nukes off your coffee table . . . . how about you sit on an electric chair a couple times over . . . you think you've got the magical ability to pop up from the dead . . . pretending that you're on the team of justice. Again, I told you he's [Donald Trump] disqualified, he's marked for assassination and so are you, you stupid bitch, stand the fuck down or get shot . . . and guess what, I'm also Trump's hitman, so consider it a bullet to your head from Donald Trump himself . . . .

<u>Voicemail on September 1, 2022, at 4:55 PM EST</u>

Yes, Judge Cannon . . . listen, my name is Evelyn Salt, I've been trying to get in touch with you. I'm in charge of nuclear, and your fucking bullshit in your little court means absolute dick. My authority exceeds the POTUS, and what you're trying to pull is obstruction of justice, as this motherfucker is responsible for 9/11 . . . . Again, you're full of shit, and I'm going to fucking have you shot myself. I've already ordered snipers and a bomb to your fucking house . . . .

<u>Voicemail on September 1, 2022, at 5:17 PM EST</u>

Lady, my patience is up, I'm a federal fucking agent, I've been slaughtered to hell and back for three fucking decades after Donald sold my nuclear fucking arsenal and decided to slam it into the World Trade Center. You fuck up one fucking thing for me, after going through hell on earth, including be stuck on [unintelligible], I'm going to grab my license to kill, I'm going to take my ass to fucking Florida, and I'm going to personally throw a bullet to your fucking head in front of your kids . . . or whatever the fuck you've got that's important to you, do you understand my authority . . . you stand the fuck down . . . .

B.  <u>Identification of Gish as "Evelyn Salt" and Arrest</u>

The Facebook page of "Tiffani S Gish" (the "Gish Facebook Account") contained recent posts that mirror the language in the Voicemails to include identifying herself as "Evelyn Salt," an apparent reference to the fictional character Evelyn Salt, the protagonist in the 2010 film, Salt. The Facebook page also claimed that Gish is a nuclear expert and accused former President Trump of taking her nukes and using them during 9/11.

Based on the content of the Voicemails, and the positive identification of Tiffani Shea Gish as "Evelyn Salt," Agents went to Gish's residence on September 4, 2022 (the "Residence") to interview Gish. Gish initially refused to allow the Agents in the Residence, agreed to speak with

the Agents through a window on the balcony of the Residence before eventually inviting the Agents inside the Residence. Gish spoke with the Agents for approximately 45 minutes.

During that interview, Gish stated, in substance and in part, that: (1) she left the Voicemails; (2) that the 6374 Cellphone belonged to her; (3) that no one else besides her has access to the 6374 Cellphone; (4) that the Gish Facebook Account was used by her; and (5) that no one else had access to the Gish Facebook Account. Following this interview, the Agents made a probable cause arrest of Gish.

### C. Gish's History of Threats and Delusional Conduct

Gish's past conduct shows delusional conduct where she claimed to be a CIA agent, a Navy SEAL, an Army Ranger, and someone familiar with nuclear weapons or war, all while intermixing threats to public officials such as Former President Donald Trump or former Secretary of State Hillary Clinton.

On March 29, 2022, agents with the United States Secret Service ("USSS Agents") interviewed Gish after she made threats two weeks prior, on the Central Intelligence Agency's website, to kill Former President Donald Trump, signing the message as "SALT." Gish admitted to making threats to the Former President on an email sent to the CIA, claiming it was to draw attention to him in order to protect him. She claimed she had no intention of harming the Former President, of traveling to Washington, DC or Mar-a-Lago to visit Trump, but rather made the threats to protect him and save the country from a nuclear war. Gish also claimed she is an Army ranger, a Navy SEAL and at the age of four was trained by the CIA to become a spy.

On March 17, 2022, SA Adam Martinez with the USSS telephonically interviewed Gish's mother, Airaa Jaeger, who lives in Colorado Springs, Colorado. Jaeger claimed her daughter suffered from severe Bi-Polar disorder and is borderline schizophrenic. Although she did not feel that Gish would physically harm the Former President, she was still afraid of her daughter, refusing

3

to see her in person for fear she would be attacked.

The CIA reported to USSS that Gish has contacted the CIA several times since 2021 using the alias "Evelyn Salt." Gish's correspondence usually contained un-credible, nonsensical information related to nuclear weapons. Additionally, Gish has falsely claimed, on multiple occasions, that she worked for the CIA.

In July 2017, USSS learned that Gish posted numerous threats toward former First Lady Hillary Clinton on Facebook. Gish posted, "Personal cat toy Killary, come over here you chicken shit disgusting bug infested cunt bag. I have a bullet just for you. Bring your best." The USSS understood that Gish believed former First Lady Clinton attacked her with "radio waves" which caused her to masturbate. She stated attempts were made on her life. She believed a car bomb was placed in her roommate's car and she was regularly hung from chains and beaten by the police. She believed she was in a "spiritual war" with former First Lady Clinton and claimed the bullets she referenced were "spiritual bullets" which she casted through prayer and witchcraft. She further explained she did not wish the former First Lady any harm. At the time, Gish's roommate stated she was "out of her mind" and regularly engaged in manic monologues concerning Hillary Clinton and radio waves. Even though he believed he did not think Gish was dangerous but believed she liked to say outrageous things, he also claimed to have called the police in April 2017 after one of her tirades.

Finally, Gish has had several run-ins with local law enforcement, including with being charged with aggravated assault with a deadly weapon in August 2020.

All of the above actions by Gish demonstrate that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering her mentally incompetent . . . ." 18 U.S.C. § 4241(a). It's also clear that Gish should be evaluated, needs adequate care, and needs to be kept in a secure facility while a Bureau of Prisons psychiatrist

determines her competency.

## II.   ARGUMENT

A. <u>Section 4241 and 4247 Procedures</u>

The United States requests that Gish be committed to the custody of the Attorney General, for a period not exceeding thirty days, to allow for a full, thorough competency evaluation. *See* 18 U.S.C. §§ 4241(b), 4247(b). Following such evaluation, the government requests a hearing on the defendant's competency, pursuant to 18 U.S.C. § 4241(a). Although there is an argument that there is sufficient evidence for the Court to find that the defendant is not competent to stand trial, and to order the defendant's hospitalization for treatment, *see* 18 U.S.C. § 4241(d), the Court should take this intermediate step of committing the defendant for further evaluation, allowing for the preparation of a fulsome report. *See* 18 U.S.C. § 4247(c). Such a report will be better prepare the Court to assess competency, and any treating medical professionals will have much more information about the defendant. Additionally, in the event that the defendant or his counsel contests competency, such a report will better prepare both parties and the Court for a hearing on the issue. *See* 18 U.S.C. § 4247(d).

Further, The Court should defer ruling any requests for bond until after a competency evaluation, a competency hearing, and any necessary period of competency treatment.

B. <u>Location of the Examination (outpatient or not)</u>

Gish's history of current threats, and prior act of violence all point to examining (and treating) her in a secure facility run by the Bureau of Prisons.

While a psychiatric examination "may be conducted on an outpatient basis by a licensed or certified psychiatrist," the Court has the authority "to commit [defendant] to be examined for a reasonable period." *United States v. Pederson*, 784 F.2d 1462, 1464-65 (9th Cir. 1986); *see also*

*United States v. Henriques,* 698 F.3d 673, 674 (8th Cir. 2012) (stating a district court may commit a defendant to a proper institution for a psychological examination); *United States v. Millard-Grasshorn*, 603 F.3d 492, 493 (8th Cir. 2010) (same); *United States v. Weissberger*, 951 F.2d 392, 399 (D.C. Cir. 1991) (same); *Featherston v. Mitchell*, 418 F.2d 582, 585 (5th Cir. 1969) (same). Thus, determining whether to confine defendant for a psychological examination to determine competency is within the court's broad discretion. *United States v. Deters*, 143 F.3d 577, 584 (10th Cir. 1998) (affirming the district court's decision to commit defendant for evaluation over defendant's objections). And based on the totality of the issues and concerns in this case, an in-custody examination is appropriate.

Further, there are a few important interests to be served and protected by in-custody mental health examinations. First, an in-custody examination is more likely to detect malingering. A significant difference between an in-custody evaluation and an out-of-custody evaluation is the ability to observe defendant over the course of the 30-day evaluation period. Thus, by its nature, an in-custody evaluation is likely to be more comprehensive--and thus more likely to detect malingering--than an out-of-custody evaluation. Second, Bureau of Prison psychologists and psychiatrists are experienced in conducting competency examinations and have developed an expertise in the field upon which courts may justifiably place more confidence than with mental health professionals hired by either party. *See United States v. Zhou*, 428 F.3d 361, 380 (2nd Cir. 2005) (holding that a district court evaluating competency may reasonably "rely on the expertise of a forensic psychologist associated with the [BOP]" who is "presumably familiar with patients similarly situated.").

Therefore, the United States requests that Gish be sent to a BOP facility as permitted by 18 U.S.C. § 4247(b).

6

### III. CONCLUSION

For the foregoing reasons, the government requests that the Court order the defendant be committed to the custody of the Attorney General, for a period of not more than thirty days, for a competency evaluation.

        Respectfully submitted,

        JENNIFER B. LOWERY
        UNITED STATES ATTORNEY

By:   /s/ Alamdar S. Hamdani
       ALAMDAR S. HAMDANI
       Assistant United States Attorney
       U.S. Attorney's Office
       1000 Louisiana, Ste. 2300
       Houston, Texas 77002
       (713) 567-9305

### CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on September 7, 2022, I conferred with Heather Hughes, counsel for the Defendant, and she opposes the relief requested in this motion.

        *Alamdar S. Hamdani*
        Alamdar S. Hamdani
        Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, a true and correct copy of the foregoing has been emailed to Heather Hughes, counsel of record for the defendant.

        *Alamdar S. Hamdani*
        Alamdar S. Hamdani